# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

**JULIE ADAMS AND MICHAEL ADAMS**

Plaintiffs,

v.

**JEFFREY WOMBLE, M.D.; and THE MEMORIAL HOSPITAL OF CRAIG FOUNDATION, INC., a Colorado corporation.**

Defendants.

---

## COMPLAINT AND JURY DEMAND
---

Plaintiffs, Julie Adams and Michael Adams through counsel, submits the following Complaint and Jury Demand:

### I. PARTIES

1. Plaintiffs Julie Adams and Michael Adams (hereinafter "Plaintiffs") are residents of the State of Wyoming.

2. At all times material hereto, Defendant Jeffrey Womble, M.D. (hereinafter "Dr. Womble") was a physician licensed to practice medicine in the State of Colorado who, upon information and belief, held himself out as a specialist in the field of surgery.  Dr. Womble's last known address is 785 Russell St., Craig, Colorado 81625.

3. At all times material hereto, Defendant The Memorial Hospital of Craig Foundation, Inc. d/b/a Memorial Hospital (hereinafter "Memorial Hospital") was and is a Colorado corporation licensed to do business under the laws of the State of Colorado.  Memorial

Hospital is a hospital formed in accordance with the Colorado Statutes, licensed to do business in the State of Colorado, with its principal place of business at 785 Russell St., Craig, Colorado 81625.

4. The negligent acts or omissions of the Defendants, alleged herein, occurred in Moffat County, Colorado.

5. Plaintiffs bring their Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## II. FACTUAL ALLEGATIONS

6. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

7. In and before January 2012, Plaintiff Julie Adams was diagnosed with recurrent diverticulitis. Since at least February 2012, Julie Adams was under the care of Dr. Womble.

8. On or about May 22, 2012, to treat Julie Adams' diverticulitis, Dr. Womble performed colon surgery, specifically a laparoscopic-assisted sigmoid resection.

9. Soon after discharge from Memorial Hospital following this surgery, Julie Adams had postoperative rectal bleeding, gas, and stomach pain.

10. On or about June 19, 2012, a CT scan with contrast of Julie Adams abdomen and pelvis was performed at Memorial Hospital. The CT scan showed an anastomotic leak.

11. On or about June 19, 2012, an exploratory laparotomy with drainage of a pelvic abscess, a colostomy, and placement of a CVP line was performed. During the laparotomy, the anastomotic leak was confirmed.

12. By June 22, 2012, Julie Adams developed tachycardia and acute renal failure.

13. As a result of the foregoing, Plaintiff Julie Adams was required to undergo life-saving medical treatment, including without limitation: hospitalization for severe infection; a second surgery to drain the abscess and address internal infection; and a third surgery to correct the failed anastomosis and reroute the bowel to a colostomy; and a fourth surgery to reconnect the colostomy and create an ileostomy.

### III. FIRST CLAIM FOR RELIEF
(Professional Negligence – Defendant Jeffrey Womble, M.D.)

14. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

15. At all times material hereto, Defendant Dr. Womble owed a duty of care to Plaintiffs to exercise that degree of skill, care, caution, diligence, and foresight exercised and expected by other physicians practicing in the field of surgery, and Dr. Womble deviated from that standard of care and was negligent, including without limitation the following acts or failures to act:

   a. Negligently performing the laparoscopic-assisted sigmoid resection surgery;

   b. Negligently failing to recognize or reasonably respond to injuries caused during the sigmoid resection surgery; and

   c. Negligently failing to provide reasonable medical care and treatment to Julie Adams.

16. As a direct and proximate result of the negligence and carelessness of Defendant Dr. Womble, Julie Adams sustained an anastomotic leak, leading to acute renal failure and several surgeries and hospitalizations.

3

17. As a further direct and proximate result of the negligence and carelessness of the Defendant Womble as aforesaid, Plaintiffs have sustained damages, including without limitation noneconomic losses, economic losses, and physical disfigurement, as further alleged herein.

### IV. SECOND CLAIM FOR RELIEF
(Negligence and Vicarious Liability – Defendant Memorial Hospital)

18. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

19. The nurses and other personnel who were employees or agents of Defendant Memorial Hospital were, at all times relevant hereto, acting in the course and scope of their employment with Defendant Memorial Hospital in providing care and treatment to Plaintiff Julie Adams.

20. Defendant Memorial Hospital, by and through its agents/employees, had a duty to exercise reasonable care in providing medical care and treatment to Plaintiff Julie Adams.

21. Defendant Memorial Hospital, vicariously and through its agents/employees, was negligent in providing medical care and treatment to Plaintiff Julie Adams, including but not limited to the following acts or omissions:

    a. Negligently failing to properly evaluate and treat Julie Adams;

    b. Negligently failing to appropriately monitor Julie Adams' medical condition;

    c. Negligently failing to properly and accurately report Julie Adams' medical condition to Defendant Womble; and

  d. Providing medical care and treatment to Julie Adams that fell below the applicable standard of care for health care providers in an emergency department setting.

22. As a direct and proximate result of the negligence of Memorial Hospital, through its agents/employees, Plaintiff Julie Adams sustained damages, including without limitation noneconomic losses, economic losses, and physical disfigurement, as further alleged herein.

## LOSS OF CONSORTIUM

23. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

24. At all times material hereto, Plaintiffs Julie Adams and Michael Adams were and continue to be husband and wife.

25. As a direct and proximate result of the Defendants' negligence described herein, Plaintiff Michael Adams sustained a loss of affection, society, companionship, aid and comfort of his wife. Additionally, as described herein, Defendants' negligence has directly and proximately caused Plaintiff Michael Adams to incur past and future damages for loss of household services and medical expenses.

## DAMAGES

26. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

27. As a result of the Defendants' negligence, Plaintiff Julie Adams sustained an anastomotic leak leading to: acute renal failure; hospitalization for severe infection; a second surgery to drain the abscess and address internal infection; a third surgery to correct the failed

5

anastomosis and reroute the bowel to a colostomy; and a fourth surgery to reconnect the colostomy and create an ileostomy.

28. As a result of the Defendants' negligence, Plaintiffs have sustained past economic and noneconomic damages and will continue to sustain economic and noneconomic damages in the future.

29. As a result of the Defendants' negligence, Plaintiff Julie Adams has sustained pain and suffering, a loss of enjoyment of a natural life; mental and emotional distress; expenses for past and future medical care and treatment; hospital care; loss of time and lost wages, earnings, and/or impairment of earning capacity.

30. Additionally, Plaintiff Julie Adams has sustained permanent physical impairment and disfigurement.

31. As a result of Defendants' negligence, Plaintiff Michael Adams has sustained and will sustain in the future the loss of affection, society, companionship, aid, and comfort of his wife, and has incurred in the past and will incur in the future additional damages for loss of household services.

32. As a direct and proximate result of Defendants' negligence, Plaintiffs have incurred the above-described damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against the Defendants, in an amount to fairly and reasonably compensate them for their injuries and damages as set forth above; for court costs; for expert witness fees; for statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law; and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 21st day of May 2014.

                                        **JEFFRESS LAW, PC**

By:   *Signature of Christopher W. Jeffress is on file at the offices of Jeffress Law, PC*

      Christopher W. Jeffress

Plaintiffs' Address:
240 W N St.
Baggs, WY 82321