IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-01431–RM-BNB

JULIE ADAMS and MICHAEL ADAMS

      Plaintiffs,

v.

JEFFREY WOMBLE M.D.; and THE MEMORIAL HOSPITAL of CRAIG FOUNDATION, INC., a Colorado corporation,

      Defendants.

_____

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS
_____

## I.    INTRODUCTION

This matter is before the court on the defendants' separate Motions to Dismiss plaintiffs' Complaint (ECF No. 1), pursuant to Fed R.Civ.P. 12(b)(1).  (ECF No. 22; 33).  Defendants Jeffrey Womble M.D. (Dr. Womble) and The Memorial Hospital of Craig Foundation, Inc., (Memorial Hospital), each move to dismiss, arguing that plaintiffs (the Adams) failed to comply with the notice provisions of the Colorado Governmental Immunity Act (CGIA), C.R.S. § 24-10-109(3).  *Id.*

The Adams' Complaint alleges: (1) that Dr. Womble, an employee of Memorial Hospital, in negligently performing Julie Adams' laparoscopic sigmoid resection surgery, failing to recognize or reasonably respond to injuries that surgery caused and failing to provide reasonable medical care and treatment, caused damages to both plaintiffs and (2) that Memorial Hospital in

negligently failing to properly evaluate and treat Julie Adams; in failing to appropriately monitor her medical condition and failing to properly and accurately report her medical condition to Dr. Womble, fell below the applicable standard of care and caused damages to both plaintiffs. (ECF No.1).

## 11.   LEGAL STANDARD

A.   Motion to Dismiss under Fed.R.Civ.P. 12(b)(1):

Motions to dismiss are, as a general rule, either facial or factual attacks. *Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir. 1995). A facial attack challenging the sufficiency of the complaint requires the court to accept the allegations of the complaint as true and assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Yoder v. Honeywell, Inc.,* 104 F.3d 1215, 1224 (10th Cir. 1997)(internal citations omitted), *cert. denied,* 522 U.S. 812, (1997). In a factual attack such as the timeliness of the CGIA notice in this case, the moving party goes beyond the complaint to challenge the facts upon which subject matter jurisdiction is based. *Holt* 46 F.3d at 1002. Under a factual attack the court must look beyond the complaint and has wide discretion to allow affidavits, other documents and even testimonial evidence to resolve the disputed jurisdictional facts without the motion being converted into a Fed.R.Civ.P. 56 motion for summary judgment. *Id.*; *Wheeler v. Hurdman,* 825 F.2d 257, 259 n.5 (10th Cir. 1987) *cert denied* 484 U.S. 986 (1987).

B.   Colorado Governmental Immunity Act:

Notice provisions of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction. *Aspen Orthopaedics & Sports Medicine v. Aspen Valley Hospital District,* 353 F.3d 832, 838-39 (10th Cir. 2003). The CGIA raises a jurisdictional bar if notice is

not given within the applicable time period. C.R.S. §24-10-109. Thus at the time relevant to the instant action, a person claiming an injury by a public entity was required to mail written notice to the governmental entity within 180 days after the discovery of the injury, regardless of whether the person knew all of the elements of the claim. *Id.* Colorado courts have consistently held that complying with the notice of claim is a jurisdictional prerequisite to suit and is not subject to equitable defenses such as waiver, tolling or estoppel. *Aspen Ortho,* 353 F.3d at 839-40 (citing *Gallagher v. Board of Trustees for U of N Colo.,* 54 P.2d 386, 391 (Colo 2002)).

## III. DISCUSSION

The following undisputed facts gleaned from the parties' pleadings, address the relevant facts pertaining to the disputed CGIA notice rather than the underlying facts of the case.

It is undisputed that:

(1) Memorial Hospital is a government entity in that it is owned and operated by Moffat County;

(2) this case involves allegations of medical negligence by both Dr. Womble and Memorial Hospital which occurred on or about June 19, 2012[1];

(3) Dr. Womble is and was at all relevant times, an employee of Memorial Hospital, a government entity;

(4) CGIA requires notice to governmental public bodies within 180[2] days after the date of discovery of the injury (C.R.S. § 24-10-109);

---

[1] Thus plaintiffs' notice was required to be given by December 19, 2012.
[2] This 180-day notice period changed to 182 days as of July 1, 2012.

(5) notice must be filed with the governing body of the public entity or attorney representing the public entity; and

(6) on or about November 19, 2012, plaintiffs sent their CGIA notice letter by registered mail to: Mr. Kenneth Wohl, city attorney for Craig, Colorado[3]; Mr. John Suthers, Attorney General for the State of Colorado; Ms. Rebecca Tyree, Moffat County Attorney and Memorial Hospital, Attn: Ms. Susan McCough, Administrator.

Defendants assert that plaintiffs' notice filed with various government representatives including Moffat County Attorney Rebecca Tyree[4] was insufficient because although Memorial Hospital is a governmental entity owned and operated by Moffat County; plaintiffs did not serve Memorial Hospital's governing body, the Board of Trustees. (ECF Nos. 22; 33; 42). Defendants contend that although Ms. Tyree serves as the attorney for various Moffat County entities, she "do[es] not serve as the attorney for local government entities in litigation of insured claims." (ECF No. 42-5, pp.1-2).

Ms. Tyree in her affidavit, states that she did receive plaintiffs' registered letter of notice in November 2012, however, because she was relatively new to her job, she did not recognize that the Memorial Hospital's address and/or its administrator's name were incorrect. (ECF No. 42-5, p.2). Further she states that she believed that the plaintiffs had given sufficient notice to Memorial Hospital via their letter addressed to its administrator, and thus, she did not forward the letter she received[5]. *Id.*

---

[3] Craig, 2010 census figures show a population of 9,251. http://www.craig-chamber.com/profile.html.
[4] Ms. Tyree is listed on the State of Colorado's website as the designated agent for Moffat County. (ECF No.35-1).
[5] Ms. Tyree's affidavit does not state what if anything, she did with plaintiffs' letter.

Plaintiffs note that although the defendants dispute that Ms. McCough was Memorial Hospital's administrator in 2012 and that Ms. Tyree was the appropriate representative, neither defendant has provided the court with the names of the appropriate administrator or attorney that allegedly should have been served. (ECF No. 45-1, p.3). Plaintiffs also argue that dismissal at this stage of litigation would be "a *de facto* dismissal with prejudice" because with the passage of time the statute of limitations would preclude refiling. (ECF No. 45-1, pp.4-5).

The CGIA serves many public interests. Along with providing notice of the need to investigate claims, the CGIA's notice provisions also allow for the abatement of dangerous conditions, foster prompt settlement of meritorious claims and enable public entities sufficient notice of potential claims to prepare a defense and make necessary fiscal arrangements to meet any potential liability. *Woodsmall v. Regional Trans. Dist.*, 800 P.2d 63, 68-69 (Colo 1990).

However, one of the fundamental but often overlooked purposes of the CGIA is to permit a person to seek redress for personal injuries caused by a public entity. *Id.* Thus the CGIA notice provisions are entitled to deferential construction in favor of victims injured by the negligence of governmental agents. *Id.* Allowing public entities to escape liability by misleading plaintiffs or obfuscating the appropriate entity upon whom to serve a complaint and then asserting the affirmative defense of noncompliance is beyond the legitimate purposes of the CGIA's notice provision. *Finnie v. Jefferson County Sch. Distr.,* 79 P.3rd 1253, 1258 (Colo 2003). Interpretations of the CGIA "should not permit public entities to manipulate the notice provision to dodge otherwise proper suits." *Id.*

In a small town with a single hospital that employs physicians (including the defendant physician), to operate its affiliated clinics, it beggars the imagination to believe that defendants

5

failed to receive notice of this suit given that plaintiffs' letters were delivered *inter alia* to both the County attorney and the Memorial Hospital clinic. I decline to elevate form over substance in this matter and therefore deny defendants' motions to dismiss.

## IV.   CONCLUSION

For the reasons stated above, defendants Motions to Dismiss ((ECF Nos. 22; 33) are DENIED.

IT IS SO ORDERED

DATED this 5th day of January, 2016.

BY THE COURT:

_____

RAYMOND P. MOORE

United States District Judge